## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HARTFORD FIRE INSURANCE COMPANY,

        Plaintiff,

vs.                                        Cause No. _____

JUSTINA ROMERO, individually and as Personal Representative of the ESTATE OF KAYLA ALEXIS MARTINEZ; FRED SANCHEZ, individually and as Personal Representative of the ESTATE OF ALEANDRA SANCHEZ; REYES RUBIO; ANGEL GOMEZ, as Parent and next friend of BRIANNA SANCHEZ, a minor; FELICITA ESQUIBEL, as Parent and next friend of KAYLA ESQUIBEL, a minor; MARY HELEN LUCERO, as Parent and next friend of ALEXANDRIA DE LA O, a minor; and JOSEPH MARTINEZ,

        Defendants.

### PLAINTIFF HARTFORD FIRE INSURANCE COMPANY'S
### COMPLAINT FOR INTERPLEADER

        Plaintiff, Hartford Fire Insurance Company (The Hartford), by and through its attorneys, Riley, Shane & Keller, P.A. (Courtenay L. Keller and D. Chet Alderete), brings this interpleader proceeding pursuant to 28 U.S.C. Section 1332 and Rule 22 of the Federal Rules of Civil Procedure in order to resolve conflicting claims to the proceeds of a Personal Auto Policy issued by The Hartford.  The Hartford concurrently tenders into the Registry of the Court the sum of $200,000.00, and requests that this Court determine the disposition of the proceeds, including manner of disbursement among the Defendants herein.  In support, The Hartford states the following:

### JURISDICTIONAL ALLEGATIONS

        1.     Plaintiff is a corporation organized and existing under and by virtue of the laws of Connecticut, and having its principal place of business in Connecticut, which was authorized under New Mexico law to do business in the State of New Mexico and was doing business in San Miguel County, New Mexico.

2.      Upon information and belief Defendant Justina Romero is the Personal Representative of the Estate of Kayla Alexis Martinez and is a resident of Las Vegas, San Miguel County, New Mexico.

3.      Upon information and belief Defendant Fred Sanchez is the Personal Representative of the Estate of Aleandra Sanchez and is a resident of Villanueva, San Miguel County, New Mexico.

4.      Upon information and belief Defendant Reyes Rubio is a resident of Las Vegas, San Miguel County, New Mexico.

5.      Upon information and belief Defendant Angel Gomez is the parent and next friend of Brianna Sanchez, a minor, and is a resident of Las Vegas, San Miguel County, New Mexico.

6.      Upon information and belief Defendant Felicita Esquibel is the parent and next friend of Kayla Esquibel, a minor, and is a resident of Las Vegas, San Miguel County, New Mexico.

7.      Upon information and belief Defendant Mary Helen Lucero is the parent and next friend of Alexandria De La O, a minor, and is a resident of Las Vegas, San Miguel County, New Mexico.

8.      Upon information and belief Defendant Joseph Martinez is a resident of Las Vegas, San Miguel County, New Mexico.

9.      The incident giving rise to this action occurred in San Miguel County, New Mexico on April 6, 2013.

10.      The United States District Court has original, diversity jurisdiction over this civil action pursuant to 28 U.S.C. Section 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.      Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1).

2

**GENERAL ALLEGATIONS**

12.     Plaintiff adopts by reference each and every preceding allegation as if restated in its entirety.

13.     On or about April 6, 2013, Wayne Lovato, the underage son of Roberta Dimas, was, upon information and belief, the permissive driver of a 2001 Infinity, which was involved in a single vehicle accident.

14.     At approximately 2:19 a.m. on April 6, 2013, the 2001 Infinity, being driven by Wayne Lovato, rolled over on southbound I-25, at approximately mile post 337 in San Miguel County, New Mexico.

15.     Kayla Alexis Martinez, Aleandra Sanchez, Reyes Rubio, Brianna Sanchez, Kayla Esquibel, Alexandria De La O, and Joseph Martinez were passengers in the 2001 Infinity driven by Wayne Lovato at the time of the subject accident and all sustained or claim to have sustained personal injuries as a result of the accident.

16.     Kayla Alexis Martinez was pronounced dead at the scene of the accident.  Justina Romero is the parent and next friend of Kayla Alexis Martinez, and has retained legal counsel in connection with the wrongful death of her daughter.

17.     Aleandra Sanchez was pronounced dead at the scene of the subject accident.  Upon information and belief, Fred Sanchez and Frances Bustos are the parents of Aleandra Sanchez, and have retained legal counsel in connection with the wrongful death of their daughter.  Fred Sanchez has been appointed the Personal Representative of the Estate of Aleandra Sanchez.

18.     Upon information and belief, Reyes Rubio suffered a head injury, broken ribs, facial fractures, and lacerations during the subject accident.  He was airlifted to Santa Fe's St. Vincent's

Hospital and required emergency surgery and metal placement. Upon information and belief, Reyes Rubio has reached the age of majority and is not represented by counsel.

19.     Brianna Sanchez suffered a level VI liver laceration, a split pelvic bone, broken ribs, and major lung injuries and was airlifted to Albuquerque's University of New Mexico Hospital where she spent eight (8) days. Upon information and belief, Angel Gomez is the parent and next friend of Brianna Sanchez and is not represented by counsel.

20.     Upon information and belief, Kayla Esquibel sustained two fractured ribs, a bruised lung, and lacerations, was transported by ambulance to the hospital in Las Vegas, and continues to suffer from headaches and memory loss following the accident. Upon information and belief, Felicita Esquibel is the parent and next friend of Kayla Esquibel and is not represented by counsel in connection with injuries sustained in the subject accident.

21.     Upon information and belief, Alexandria De La O sustained injury to her back, liver and face and was transported by ambulance to the hospital in Las Vegas. Upon information and belief, Mary Helen Lucero is the parent and next friend of Alexandria De La O and has retained legal counsel in connection with the injuries sustained by her daughter in the subject accident.

22.     Upon information and belief, Joseph Martinez sustained fractured ribs and was transported by ambulance to the hospital in Las Vegas. Upon information and belief, Joseph Martinez has reached the age of majority and has retained legal counsel in connection with the injuries he sustained in the subject accident.

23.     Justina Romero, as the Personal Representative of the Estate of Kayla Martinez, filed a wrongful death suit on May 30, 2013.

4

24.     Joseph Martinez served a suit seeking damages for injuries sustained by him in the accident on August 20, 2013.

25.     Each of the remaining injured persons have asserted or may have a claim against Wayne Lovato and Roberta Dimas for damages.

26.     Plaintiff had issued a Personal Auto Policy (Policy No. 18 PH 168114) (the policy) to its named insured, Roberta Dimas, for the policy period of 08/18/12 to 08/18/13, with bodily injury liability limits of $50,000.00 per person and $100,000.00 per accident, and Uninsured Motorists limits of $50,000.00 per person and $100,000.00 per accident.  The policy also carries Medical Payments coverage in the amount of $25,000.00 per person.  A certified copy of the policy, which forms the basis of this action, is attached as Exhibit A pursuant to D.N.M. LR–Civ. 10.4.

27.     The policy provides that Plaintiff "will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident." *See* Exhibit A, PART A – LIABILITY COVERAGE, INSURING AGREEMENT (Form 8530) ¶A, at pg 3 of 23.  Under the policy, the term "insured" means "[y]ou or any family member for the ownership, maintenance or use of any auto . . . [or] [a]ny person using your covered auto." *Id*. at ¶B. 1. and 2.

28.     The policy also provides that Plaintiff "will pay damages which an insured is legally entitled to recover from the owner or operator of an . . . underinsured motor vehicle because of bodily injury . . . [s]ustained by an insured; and [c]aused by and accident . . . ." *See* Exhibit A, PART C – UNINSURED MOTORISTS COVERAGE, INSURING AGREEMENT (Form 8530) ¶A, at pg 9 of 23.  Under the policy, the term "[i]nsured as used in [] Part C means . . . [a]ny . . . person occupying [the insured's] covered auto."

5

29.     The term "[y]our covered auto" is defined in the policy as "[a]ny vehicle shown in the Declarations."

30.     The 2001 Infinity was listed in the policy Declarations.

31.     The subject accident was an "accident" within the meaning of the policy.

32.     Wayne Lovato and Roberta Dimas are insureds under the policy.

33.     The occupants of the Infinity are insureds under the Uninsured Motorists coverage afforded under the policy.

34.     Plaintiff acknowledges its duty to pay on behalf of its insureds damages for bodily injury for which its insureds become legally responsible because of the subject accident, subject to its policy limits.  Plaintiff has already made payments to various Defendants herein pursuant to its Medical Payments coverage.

35.     Plaintiff also acknowledges its duty to pay to its insureds bodily injury damages they are legally entitled to recover from the owner or operator of an underinsured motor vehicle, which were caused by an accident.

36.     Based on the available liability limits and Uninsured Motorists limits, the policy constitutes a fund of $200,000.00 for bodily injury claims arising out of any auto accident.

37.     All of the named Defendants have or may have claims against the fund, which will subject Plaintiff's insureds, Roberta Dimas and Wayne Lovato, to multiple and possibly conflicting claims and to a multiplicity of suits.

38.     Plaintiff acknowledges its duty to defend its insureds against covered suits and has tendered defense counsel to defend its insureds, Roberta Dimas and Wayne Lovato, against the suits filed by Justina Romero and Joseph Martinez.

39.     Plaintiff recognizes its duty to defend its insureds, Roberta Dimas and Wayne Lovato, against any additional suits for damages brought by the remaining injured persons arising from the accident.

40.     Plaintiff recognizes that the circumstances of the subject accident were such that a jury might determine that legal liability existed on the part of Wayne Lovato for injuries and damages sustained by some or all of Defendants.

41.     Plaintiff acknowledges that all of the claims arising from the subject accident will likely exceed policy limits.

42.     As a result of the multiple and conflicting claims, Plaintiff is in doubt and cannot safely pay claims under the above-referenced policy without risk of excess exposure to its insureds, Roberta Dimas and Wayne Lovato.

43.     Plaintiff submits its insureds, Roberta Dimas and Wayne Lovato, will be subjected to multiple and mutually exclusive claims, inconsistent judgments, and numerous suits, the outcome of which will not be properly determinative of the manner in which the limited fund should be apportioned among the several claimants, and for which they have no adequate remedy at law.

44.     Plaintiff is prepared to unconditionally tender, and pay into the registry of this Court, the full amount of the available policy limits in the amount of $200,000.00, which represents the total available policy limits under both the liability and Underinsured Motorists parts of the policy for bodily injury claims arising from the subject accident, to abide the orders and judgments of this Court.

45.     Plaintiff seeks a detached and orderly resolution of the competing claims to the fund.

## COUNT I – PURE INTERPLEADER

46.     Plaintiff adopts by reference each and every preceding allegation as if restated in its entirety.

47.     Plaintiff claims and has no interest in the policy proceeds and is a disinterested stakeholder.

48.     Plaintiff reasonably believes that the claims of the Defendants in this matter will exceed the available policy limits.

49.     Both Plaintiff's insureds, Roberta Dima and Joseph Lovato, and Plaintiff, by virtue of its duty to defend, are or may be exposed to unnecessary vexation by a multiplicity of suits seeking recovery from the fund.

50.     All of the Defendants' claims arise from the subject motor vehicle accident.

51.     All of the Defendants have independent yet competing claims to the fund, which is not large enough to satisfy them all.  Therefore, Defendants' claims are adverse to each other.

52.     Due to the conflicting claims of the Defendants, Plaintiff is in great doubt as to which Defendants are entitled to be paid and in what amounts.

53.     In order to assist with allocation of the fund among the various claimants to avoid unjust or disproportionate distribution, Plaintiff seeks to compel the Defendants to interplead their claims against the fund arising out of the collision.

WHEREFORE, Plaintiff respectfully requests that: (1) process be issued in the manner and form and returnable as required by law for each and all of the Defendants; (2) each of the Defendants be ordered and commanded to interplead and settle among themselves their rights and claims to the sum of $200,000.00, due and payable under the above-mentioned contract of insurance; (3) the Court

enter an order enjoining and restraining each and all of the Defendants from instituting or prosecuting further any proceeding arising out of the accident in which they seek to recover from the fund; (4) the Court enter an order granting Plaintiff leave to deposit with the Court $200,000.00, which represents the full amount of available policy limits, pursuant to Rule 67; (5) the Court enter an order directing the proper distribution of the fund to any or all of the Defendants herein; (6) the Court grant such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

**RILEY, SHANE & KELLER, P.A.**

By: */s/ original signed by Courtenay L. Keller*
    **COURTENAY L. KELLER**
    **D. CHET ALDERETE**
    *Attorneys for Plaintiff*
    *Hartford Fire Insurance Company*
    3880 Osuna Road NE
    Albuquerque, NM 87109
    (505) 883-5030