IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff,

v.                                              Cause No. 1:13-cv-00896-LFG-RHS

JUSTINA ROMERO, individually and as Personal Representative of the ESTATE OF KAYLA ALEXIS MARTINEZ; FRED SANCHEZ, individually and as Personal Representative of the ESTATE OF ALEANDRA SANCHEZ; REYES RUBIO; ANGEL GOMEZ, as Parent and next friend of BRIANNA SANCHEZ, a minor; FELICITA ESQUIBEL, as Parent and next friend of KAYLA ESQUIBEL, a minor; MARY HELEN LUCERO, as Parent and next friend of ALEXANDRIA DE LA O, a minor; and JOSEPH MARTINEZ,

    Defendants.

## DEFENDANT REYES RUBIO'S ANSWER TO HARTFORD FIRE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER

COMES NOW Defendant Reyes Rubio (hereinafter "Defendant Rubio"), by and through his attorneys, Keller & Keller, LLP, and in Answer to Plaintiff's Complaint for Interpleader, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4. Defendant Rubio admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9. Defendant Rubio admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

## GENERAL ALLEGATIONS

12. Paragraph 12 of Plaintiff's Complaint simply incorporates previous paragraphs in the Complaint and Defendant Rubio therefore makes no additional reply.

13. Defendant Rubio admits the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant Rubio admits the allegations in Paragraph 14 of Plaintiff's Complaint.

15. As to Paragraph 15 of Plaintiff's Complaint, Defendant Rubio admits that he was a passenger in the Infiniti driven by Wayne Lovato at the time of the subject accident

and sustained personal injuries as a result of the accident, but is without sufficient information to admit or deny the remaining allegations in that paragraph and therefore denies the same.

16.     The allegations of Paragraph 16 of Plaintiff's Complaint are directed to parties other than Defendant Rubio and Defendant Rubio therefore makes no reply.

17.     The allegations of Paragraph 17 of Plaintiff's Complaint are directed to parties other than Defendant Rubio and Defendant Rubio therefore makes no reply.

18.     As to Paragraph 18 of Plaintiff's Complaint, Defendant Rubio admits that he suffered a head injury, broken ribs, facial fractures, and lacerations during the subject accident and was airlifted to Santa Fe's St. Vincent's Hospital and required emergency surgery and metal placement.  In addition, Defendant Rubio admits that he has reached the age of majority but denies that he is not represented by legal counsel.

19.     The allegations of Paragraph 19 of Plaintiff's Complaint are directed to parties other than Defendant Rubio and Defendant Rubio therefore makes no reply.

20.     The allegations of Paragraph 20 of Plaintiff's Complaint are directed to parties other than Defendant Rubio and Defendant Rubio therefore makes no reply.

21.     The allegations of Paragraph 21 of Plaintiff's Complaint are directed to parties other than Defendant Rubio and Defendant Rubio therefore makes no reply.

22.     The allegations of Paragraph 22 of Plaintiff's Complaint are directed to parties other than Defendant Rubio and Defendant Rubio therefore makes no reply.

23.     The allegations of Paragraph 23 of Plaintiff's Complaint are directed to parties other than Defendant Rubio and Defendant Rubio therefore makes no reply.

24. The allegations of Paragraph 24 of Plaintiff's Complaint are directed to parties other than Defendant Rubio and Defendant Rubio therefore makes no reply.

25. As to Paragraph 25 of Plaintiff's Complaint, Defendant Rubio admits that he has asserted a claim against Wayne Lovato and Roberta Dimas for damages, but is without sufficient information to admit or deny the remaining allegations in that paragraph and therefore denies the same.

26. As to Paragraph 26 of Plaintiff's Complaint, Defendant Rubio admits that Plaintiff has attached an insurance policy as Exhibit A to its Complaint which provides coverages, but is unaware of the accuracy and/or authenticity of the policy and is therefore without sufficient information to admit or deny the remaining allegations in that paragraph and therefore denies the same.

27. Defendant Rubio admits the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant Rubio admits the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant Rubio admits the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Defendant Rubio admits the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendant Rubio admits the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendant Rubio admits the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendant Rubio admits the allegations in Paragraph 33 of Plaintiff's Complaint.

34. As to Paragraph 34 of Plaintiff's Complaint, Defendant admits that Plaintiff has a duty to pay on behalf of its insureds damages for bodily injury due to the subject accident, but is without sufficient information to admit or deny the remaining allegations in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35. Defendant Rubio admits the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 36 of Plaintiff's Complaint and therefore denies the same.

37. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 38 of Plaintiff's Complaint and therefore denies the same.

39. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41. As to Paragraph 41 of Plaintiff's Complaint, Defendant Rubio admits the allegations in that paragraph as they relate to his claims, but is without sufficient information to admit or deny the remaining allegations in Paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 42 of Plaintiff's Complaint and therefore denies the same.

43. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 43 of Plaintiff's Complaint and therefore denies the same.

44. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 44 of Plaintiff's Complaint and therefore denies the same.

45. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 45 of Plaintiff's Complaint and therefore denies the same.

## COUNT I - PURE INTERPLEADER

46. Paragraph 46 of Plaintiff's Complaint simply incorporates previous paragraphs in the Complaint and Defendant Rubio therefore makes no additional reply.

47. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 47 of Plaintiff's Complaint and therefore denies the same.

48. As to Paragraph 48 of Plaintiff's Complaint, Defendant Rubio admits the allegations in that paragraph as they relate to his claims, but is without sufficient information to admit or deny the remaining allegations in Paragraph 48 of Plaintiff's Complaint and therefore denies the same.

49. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 49 of Plaintiff's Complaint and therefore denies the same.

50. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 50 of Plaintiff's Complaint and therefore denies the same.

51. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 51 of Plaintiff's Complaint and therefore denies the same.

52. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 52 of Plaintiff's Complaint and therefore denies the same.

53. Defendant Rubio is without sufficient information to admit or deny the allegations in Paragraph 53 of Plaintiff's Complaint and therefore denies the same.

## AFFIRMATIVE DEFENSES

1. Defendant Rubio reserves the right to amend his Answer to include additional affirmative defenses should new information become available during discovery necessitating an amendment to the Answer, including the assertion of additional affirmative defenses.

WHEREFORE, Defendant Rubio having fully answered Plaintiff's Complaint, prays that if the Court grants the interpleader to enter judgment in Defendant Rubio's favor, for his costs expended herein, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

KELLER & KELLER, LLC

*/s/Chris Supik*

Chris Supik
Andy Ray
505 Marquette NW, Suite 1300
Albuquerque, NM 87102
Telephone:  (505) 938-2300
Facsimile:   (505) 938-2301
csupik@2keller.com
andyr@2keller.com
*Attorneys for Defendant Reyes Rubio*

I hereby certify that on this 30th day of October, 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Courtenay L. Keller
D. Chet Alderete
Riley, Shane & Keller, P.A.
3880 Osuna Road NE
Albuquerque, NM 87109
*Attorneys for Plaintiff*