IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HARTFORD FIRE
INSURANCE COMPANY,**

          **Plaintiff,**

v.                                      No. 1:13-cv-00896-LFG-RHS

**JUSTINA ROMERO, individually and
as Personal Representative of the
ESTATE OF KAYLA ALEXIS MARTINEZ;
FRED SANCHEZ, individually and as Personal
Representative of the ESTATE OF ALEANDRA
SANCHEZ; MARY HELEN LUCERO; ANGEL GOMEZ,
as Parent and next friend of BRIANNA SANCHEZ,
a minor; FELICITA ESQUIBEL, as Parent and next
friend of KAYLA ESQUIBEL, a minor;
MARY HELEN LUCERO, as Parent and next friend of
ALEXANDRIA DE LA O, a minor; and
JOSEPH MARTINEZ,**

          **Defendants.**

## DEFENDANT MARY HELEN LUCERO'S ANSWER TO HARTFORD FIRE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER

COMES NOW Defendant Mary Helen Lucero (hereinafter "Defendant Lucero"), by and through her attorneys, AEQUITAS LAW, LLC, Anna C. Martinez and Albert L. Hutchinson, Jr., and in Answer to Plaintiff's Complaint for Interpleader, states as follows:

### JURISDICTIONAL ALLEGATIONS

1.     Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.     Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7. Defendant Lucero admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9. Defendant Lucero admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

**GENERAL ALLEGATIONS**

12. Paragraph 12 of Plaintiff's Complaint simply incorporates previous paragraphs in the Complaint and requires no reply.

13. Defendant Lucero admits the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant Lucero admits the allegations in Paragraph 14 of Plaintiff's Complaint.

15. As to Paragraph 15 of Plaintiff's Complaint, Defendant Lucero admits that her minor daughter, Alexandria De La O, was a passenger in the Infiniti driven by Wayne Lovato at the time of the subject accident and sustained personal injuries as a result of the accident, but is without sufficient information to admit or deny the remaining allegations in that paragraph and therefore denies the same.

16. The allegations of Paragraph 16 of Plaintiff's Complaint are directed to parties other than Defendant Lucero and/or her minor daughter and Defendant Lucero therefore makes no reply.

17. The allegations of Paragraph 17 of Plaintiff's Complaint are directed to parties other than Defendant Lucero and/or her minor daughter and Defendant Lucero therefore makes no reply.

18. The allegations of Paragraph 18 of Plaintiff's Complaint are directed to parties other than Defendant Lucero and/or her minor daughter and Defendant Lucero therefore makes no reply.

19. The allegations of Paragraph 19 of Plaintiff's Complaint are directed to parties other than Defendant Lucero and/or her minor daughter and Defendant Lucero therefore makes no reply.

20. The allegations of Paragraph 20 of Plaintiff's Complaint are directed to parties other than Defendant Lucero and/or her minor daughter and Defendant Lucero therefore makes no reply.

21. The allegations of Paragraph 21 of Plaintiff's Complaint are directed to parties other than Defendant Lucero and/or her minor daughter and Defendant Lucero therefore makes no reply.

22. Defendant Lucero admits the allegations in Paragraph 22.

23. The allegations of Paragraph 23 of Plaintiff's Complaint are directed to parties other than Defendant Lucero and/or her minor daughter and Defendant Lucero therefore makes no reply.

24. The allegations of Paragraph 24 of Plaintiff's Complaint are directed to parties other than Defendant Lucero and/or her minor daughter and Defendant Lucero therefore makes no reply.

25. As to Paragraph 25 of Plaintiff's Complaint, Defendant Lucero admits that she has asserted a claim against Wayne Lovato and Roberta Dimas for damages on behalf of her minor daughter, but is without sufficient information to admit or deny the remaining allegations in that paragraph and therefore denies the same.

26. As to Paragraph 26 of Plaintiff's Complaint, Defendant Lucero admits that Plaintiff has attached an insurance policy as *Exhibit A* to its Complaint which provides coverages, but is unaware of the accuracy and/or authenticity of the policy and is therefore without sufficient information to admit or deny the remaining allegations in that paragraph and therefore denies the same.

27. Defendant Lucero admits the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant Lucero admits the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant Lucero admits the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Defendant Lucero admits the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendant Lucero admits the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendant Lucero admits the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendant Lucero admits the allegations in Paragraph 33 of Plaintiff's Complaint.

34. As to Paragraph 34 of Plaintiff's Complaint, Defendant admits that Plaintiff has a duty to pay on behalf of its insureds damages for bodily injury due to the subject accident, but is without sufficient information to admit or deny the remaining allegations in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35. Defendant Lucero admits the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 36 of Plaintiff's Complaint and therefore denies the same.

37. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 38 of Plaintiff's Complaint and therefore denies the same.

39. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41. As to Paragraph 41 of Plaintiff's Complaint, Defendant Lucero admits the allegations in that paragraph as they relate to her claims, but is without sufficient information to admit or deny the remaining allegations in Paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 42 of Plaintiff's Complaint and therefore denies the same.

43. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 43 of Plaintiff's Complaint and therefore denies the same.

44. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 44 of Plaintiff's Complaint and therefore denies the same.

45. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 45 of Plaintiff's Complaint and therefore denies the same.

## COUNT I - PURE INTERPLEADER

46. Paragraph 46 of Plaintiff's Complaint simply incorporates previous paragraphs in the Complaint and requires no reply.

47. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 47 of Plaintiff's Complaint and therefore denies the same.

48. As to Paragraph 48 of Plaintiff's Complaint, Defendant Lucero admits the allegations in that paragraph as they relate to her claims, but is without sufficient information to admit or deny the remaining allegations in Paragraph 48 of Plaintiff's Complaint and therefore denies the same.

49. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 49 of Plaintiff's Complaint and therefore denies the same.

50. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 50 of Plaintiff's Complaint and therefore denies the same.

51. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 51 of Plaintiff's Complaint and therefore denies the same.

52. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 52 of Plaintiff's Complaint and therefore denies the same.

53. Defendant Lucero is without sufficient information to admit or deny the allegations in Paragraph 53 of Plaintiff's Complaint and therefore denies the same.

## AFFIRMATIVE DEFENSES

1. Defendant Lucero reserves the right to amend her Answer to include additional affirmative defenses should new information become available during discovery necessitating an amendment to the Answer, including the assertion of additional affirmative defenses.

**WHEREFORE**, Defendant Lucero having fully answered Plaintiff's Complaint, prays that if the Court grants the interpleader to enter judgment in Defendant Lucero's favor, for her costs expended herein, and for such other and further relief as the Court may deem just and proper.

    Respectfully submitted,
    **AEQUITAS LAW, LLC**

By: "Electronically Filed" /s/
    Anna C. Martinez
    Attorney for Defendant Mary Helen Lucero
    P.O. Box 25304
    Albuquerque, NM 87125
    (505) 750-8005
    anna@aequitas.pro

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2014, I filed the foregoing electronically through the Court's CM/ECF document filing and delivery system and that all counsel of record received a copy this pleading therefrom.

Electronically Filed" /s/
Anna C. Martinez