IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff,

vs.                                        Cause No. 1:13-cv-00896-JCH-RHS

JUSTINA ROMERO, individually and as Personal Representative of the ESTATE OF KAYLA ALEXIS MARTINEZ; FRED SANCHEZ, individually and as Personal Representative of the ESTATE OF ALEANDRA SANCHEZ; REYES RUBIO; ANGEL GOMEZ, as Parent and next friend of BRIANNA SANCHEZ, a minor; FELICITA ESQUIBEL, as Parent and next friend of KAYLA ESQUIBEL, a minor; MARY HELEN LUCERO, as Parent and next friend of ALEXANDRIA DE LA O, a minor; and JOSEPH MARTINEZ,

    Defendants.

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

        Pursuant to FED. R. CIV. P. 26(f), a conference was conducted on May 6, 2014, and was attended by:

| FOR PLAINTIFF: | FOR DEFENDANT JUSTINA ROMERO: |
|---|---|
| Courtenay L. Keller | Robert C. Gutierrez |
| Riley, Shane & Keller, P.A. | Will Ferguson & Associates |
| 3880 Osuna Road NE | 10090 Coors Blvd. NW, Suite A |
| Albuquerque, NM 87109 | Albuquerque, NM 87114-3301 |
| T: (505) 883-5030 | T: 505-243-5566 |
| F: (505) 883-4362 | F: 505-897-2279 |
| ckeller@rsk-law.com | bob@fergusonlaw.com |
| FOR DEFENDANT FRED SANCHEZ: | FOR DEFENDANT REYES RUBIO: |
| Vitalia Sena-Baca | Andy Ray / Christopher J. Supick |
| Prince, Schmidt, Korte & Baca, LLP | Keller & Keller, LLC |
| 2905 Rodeo Park Drive East, Bldg. 2 | 505 Marquette NW, Suite 1300 |
| Santa Fe, NM 87505-6313 | Albuquerque, NM 87102 |
| T: 505-982-5380 | T: 505-938-2300 |
| F: 505-986-9176 | F: 505-938-2301 |
| vitalia@pskattorneys.com | andyr@2keller.com; csupik@2keller.com |

| FOR DEFENDANT MARY HELEN LUCERO: | FOR DEFENDANT JOSEPH MARTINEZ: |
|---|---|
| Anna C. Martinez | Thell Thomas |
| Aequitas Law, LLC | Law Offices of Thell Thomas |
| P.O. Box 25304 | 509 Roma Ave. NW |
| Albuquerque, NM 87125 | Albuquerque, NM 87102-2124 |
| T: 505-750-8005 | T: 505-242-2109 |
| F: 505-212-0249 | F: 505-243-9882 |
| anna@aequitas.pro | tthomasjd@gmail.com |

## NATURE OF THE CASE

This interpleader proceeding was filed pursuant to 28 U.S.C. Section 1332 and Rule 22 of the Federal Rules of Civil Procedure in order to resolve conflicting claims to the proceeds of a Personal Auto Policy issued by Hartford Fire Insurance Company (Hartford). Hartford has tendered into the Registry of the Court the sum of $200,000.00, and seeks this Court's determination concerning the disposition of the proceeds, including manner of disbursement among the Defendants herein.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: a motion to amend the Complaint for Interpleader to join additional insurers who have issued auto policies that may provide coverage for any of the Defendants herein, if applicable.

Plaintiff(s) should be allowed until July 1, 2014 to move to amend the pleadings, and until July 1, 2014 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: none at this time.

Defendants should be allowed until August 1, 2014 to move to amend the pleadings, and until August 1, 2014 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

**STIPULATIONS**

The parties hereto stipulate and agree that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.[1]

The parties hereto stipulate to the following facts:

1.   The incident giving rise to this action occurred in San Miguel County, New Mexico on April 6, 2013.

2.   On or about April 6, 2013, Wayne Lovato, the underage son of Roberta Dimas, was, upon information and belief, the permissive driver of a 2001 Infinity, which was involved in a single vehicle accident.

3.   At approximately 2:19 a.m. on April 6, 2013, the 2001 Infinity, being driven by Wayne Lovato, rolled over on southbound I-25, at approximately mile post 337 in San Miguel County, New Mexico.

4.   Kayla Alexis Martinez, Aleandra Sanchez, Reyes Rubio, Brianna Sanchez, Kayla Esquibel, Alexandria De La O, and Joseph Martinez were passengers in the Infinity driven by Wayne Lovato at the time of the subject accident and all sustained or claim to have sustained personal injuries as a result of the accident.[2]

---

[1]   Although Defendants Justina Romero, Reyes Rubio, and Mary Helen Lucero asserted in their respective Answers that each was without sufficient information upon which to admit or deny that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter (*see* [Doc. No. 15 at ¶ 1], [Doc. No. 16 at ¶¶ 10 & 11], and [Doc. No. 24 at ¶¶ 10 & 11]), to date no party has filed a motion pursuant to Fed. R. Civ. Proc. Rule 12(b).

[2]   In their Answers, Defendants Reyes Rubio and Alexandria De La O admitted only that each was a passenger in the Infinity driven by Wayne Lovato at the time of the subject accident and sustained personal injuries as a result of the accident.  *See* [Doc. No. 16 at ¶ 15] and [Doc. No. 24 at ¶ 15].  All other Defendants admitted ¶ 15 of the Complaint for Interpleader [Doc. No. 1] in its entirety.  *See* [Doc. No. 8 at ¶ 1], [Doc. No. 10 at ¶ 1], and [Doc. No. 15 at ¶ 1].

The parties further stipulate and agree that the law governing this case is: New Mexico substantive law on negligence, contracts, and insurance and federal procedural law.

**PLAINTIFF'S CONTENTIONS**

On or about April 6, 2013, Wayne Lovato, the underage son of Roberta Dimas, was, upon information and belief, the permissive driver of a 2001 Infinity, which was involved in a single vehicle accident. At approximately 2:19 a.m. on April 6, 2013, the 2001 Infinity, being driven by Wayne Lovato, rolled over on southbound I-25, at approximately mile post 337 in San Miguel County, New Mexico. Kayla Alexis Martinez, Aleandra Sanchez, Reyes Rubio, Brianna Sanchez, Kayla Esquibel, Alexandria De La O, and Joseph Martinez were passengers in the 2001 Infinity driven by Wayne Lovato at the time of the subject accident and all sustained or claim to have sustained personal injuries as a result of the accident. Kayla Alexis Martinez and Aleandra Sanchez were pronounced dead at the scene of the accident. Upon information and belief, the other occupants sustained personal injuries as a result of the subject accident.

Justina Romero, as the Personal Representative of the Estate of Kayla Martinez, filed a wrongful death suit against Wayne Lovato[3] in the Fourth Judicial District Court on May 30, 2013. Joseph Martinez filed suit against Wayne Lovato seeking damages for injuries sustained by him in the accident on August 20, 2013. Justina Romero filed a second suit alleging negligence against Defendant herein, Reyes Rubio, in the Fourth Judicial District Court on February 26, 2014. Fred Sanchez and Mary Helen Lucero have asserted claims on behalf of their minor children against the Hartford policy for damages arising out of the accident.[4]

---

[3]  The original wrongful death suit named Roberta Dimas, Wayne Lovato's mother and the owner of the Infinity. The claims against Ms. Dimas were voluntarily dismissed on March 31, 2014.

[4]  Despite proper service of process, Angel Gomez, as Parent and next friend of Brianna Sanchez, a minor, and Felicita Esquibel, as Parent and next friend of Kayla Esquibel, a minor, have failed to appear herein. The United States District Court Clerk entered Defendants Gomez' and Esquibel's default

Plaintiff had issued a Personal Auto Policy (No. 18 PH 168114) (the policy) to its named insured, Roberta Dimas, with bodily injury liability limits of $50,000.00 per person and $100,000.00 per accident, and Uninsured/Underinsured Motorists (UM/UIM) limits of $50,000.00 per person and $100,000.00 per accident, which was in effect on April 6, 2013. The policy also carries Medical Payments coverage in the amount of $25,000.00 per person. The subject accident was an "accident" within the meaning of the policy, the 2001 Infinity was one of two vehicles listed in the policy Declarations, and Wayne Lovato is an "insured" under the policy. However, the occupants of the Infinity are considered Class II insureds and are, therefore, not entitled to "stack" the available UM/UIM limits.

Plaintiff has acknowledged its duty to pay policy proceeds under the liability, medical payments, and UM/UIM parts of the policy for injuries and damages sustained by some or all of the Defendants. Based on the available liability and UM/UIM limits, the policy constitutes a fund of $200,000.00 for bodily injury claims arising out of any auto accident. However, it is likely that all of the claims arising from the subject accident will exceed policy limits. As a result of the multiple and conflicting claims, Plaintiff is in doubt and cannot safely pay claims under the above-referenced policy without risk of excess exposure to its insureds. Therefore, Plaintiff unconditionally tendered and paid into the registry of this Court the full amount of the available policy limits in the amount of $200,000.00. Plaintiff seeks a detached and orderly resolution of the competing claims to the fund and has pledged to abide the orders and judgments of this Court.

---

on February 19, 2014 [Doc. Nos. 27 & 28]. On March 4, 2014, Plaintiff moved for entry of Default Judgment against Gomez and Esquibel and an Order in conformity with the Complaint for Interpleader finding they have waived their right to make a claim against the policy proceeds in this case by failing to appear herein. *See* [Doc. No. 29]. That Motion remains pending.

The parties have agreed to participate in a settlement conference to negotiate distribution of the fund before either the assigned Magistrate Judge, The Honorable Robert H. Scott, or a Magistrate Judge to whom the parties have consented pursuant to D.N.M. LR–Civ. 73.4.

## DEFENDANT JUSTINA ROMERO'S CONTENTIONS

Defendant Justina Romero's fourteen year old daughter, Kayla Alexis Martinez, died at the scene of the DWI single vehicle roll-over accident that is the subject of this lawsuit. Justina has suffered emotional trauma as a result of losing her daughter in this tragic accident.

Justina Romero contends that in accordance with New Mexico Law and the New Mexico Uniform Civil Jury Instructions, she is entitled to reasonable damages for the wrongful death of Kayla and her loss of consortium as Kayla's mother. In accordance with NM UJI CV#13-1830 NMRA, this Defendant is entitled to damages for: 1. The reasonable expenses of funeral and burial; 2. The pain and suffering experienced by Kayla between the time of injury and death; 3. The lost earning capacity of Kayla; 4. The value of Kayla's life apart from her earning capacity; 5. The mitigating or aggravating circumstances attending the wrongful act; and, 6. The emotional distress to Justina caused by the loss of Kayla's society and companionship.

Kayla was in the 8th grade when her life was cut short by the terribly tragic actions of a drunk driver. She was a loving big sister to her brother, Cortez Romero, and sister, Kiana Romero. Kayla enjoyed cheerleading, music and dancing. Her favorite band was One Direction. Kayla had a big impact on those lives she touched and will be dearly missed by all who loved her. Justina Romero contends that reasonable compensation for damages #4 and #5 alone is seven figures and far exceeds ALL available insurance coverage. Justina acknowledges that Co-Defendant Fred Sanchez also believes that the damages for the loss of his 12 year old daughter, Aleandra Sanchez, far exceed ALL the available insurance coverage. Moreover, the remaining Co-Defendants, Reyes Rubio; Mary

Helen Lucero, as parent and next friend of Alexandra De La O, a minor; and Joseph Martinez were injured in this tragic accident and are entitled to reasonable damages.

Justina Romero also contends that this interpleader action does NOT relieve the Plaintiff of its contractual, legal and statutory obligations, duties and responsibilities to its insureds, including Roberta Dimas, Wayne Lovato and this Defendant, under the subject Personal Auto Policy (Policy No. 18 PH 168114) referred to in paragraph #26 of Plaintiff Hartford Insurance Company's Complaint for Interpleader.

Justina Romero also contends that this interpleader action does NOT relieve the Plaintiff of its contractual, legal and statutory obligations, duties and responsibilities to its insureds, including Roberta Dimas, Wayne Lovato and this Defendant, with regard to this Defendant's pending civil lawsuit entitled *Justina Romero, individually and as Wrongful death Personal Representative of the Estate of Kayla Alexis Martinez, Plaintiff v. Wayne Lovato and Roberta Dimas-Lovato, Defendants*; No. D-412-CV-2013-00226, filed of record May 30, 2013 in the Fourth Judicial District Court, State of New Mexico.

Justina Romero also contends that Defendant Angel Gomez, as parent and next friend of Brianna Sanchez, a minor, waived all claims in this interpleader by failing to timely appear or answer the Complaint for Interpleader, as shown in documents #25, #28, #29 and #29.1.

Justina Romero also contends that Defendant Felicita Esquibel, as parent and next friend of Kayla Esquibel, a minor, waived all claims in this interpleader by failing to timely appear or answer the Complaint for Interpleader, as shown in documents #25, #27, #29 and #29.1.

**DEFENDANT FRED SANCHEZ'S CONTENTIONS**

Defendant Fred Sanchez's twelve year old daughter, Aleandra Sanchez, was killed in the DWI single vehicle roll-over accident which occurred on April 6, 2013. Aleandra died on scene.

Fred Sanchez and Frances Bustos, the parents of Aleandra Sanchez have suffered emotional trauma and distress as a result of the loss of their daughter in this horrific accident.

Fred Sanchez contends that in accordance with New Mexico Law and the New Mexico Uniform Civil Jury Instructions, the Estate of Aleandra Sanchez is entitled to reasonable damages for wrongful death. Fred Sanchez further contends that he and Aleandra's mother are entitled to damages for the loss of consortium of their daughter.

Pursuant to 13-1830 of the New Mexico Uniform Jury Instructions, Defendant is entitled to the following damages:

(1) The reasonable funeral and burial expenses incurred;
(2) The pain and suffering experienced by Aleandra between the time of injury and death;
(3) The lost earnings, the lost earning capacity and the value of the lost household services of Aleandra;
(4) The value of Aleandra's life apart from her earning capacity;
(5) The emotional distress to Fred Sanchez and Frances Bustos, the parents of Aleandra caused by the loss of Aleandra's society and companionship.

Fred Sanchez further contends that punitive damages pursuant to 13-1827 are merited given the circumstances of the accident.

Twelve year old Aleandra Sanchez's life was tragically ended as a result of the actions of a drunk driver. At the time of the accident she was a seventh grader at West Las Vegas Middle School. She was adored by her entire family and is greatly missed. She is survived by her parents Fred Sanchez and Frances Bustos as well as her big sister Elaina Sanchez. Aleandra was close to her entire family. She loved spending time with her big sister and parents. They were always "out and about" shopping, going to movies, to dinners or just hanging out. Aleandra also loved spending time with her grandfather in Chama. Aleandra was described by family as a free spirit. She was head strong and very "spunky." When she was in kindergarten she said she wanted to be a rock star. As she got older, her love of fashion took over. She wanted to be a fashion designer. She would

sketch clothing designs and use those designs to arrange her own outfits. She loved making hair accessories for herself, friends and family. Aleandra touched the lives of everyone she came in contact with. Fred Sanchez contends that the damages suffered as a result of Aleandra's death far exceeds any and all available insurance coverage. Fred Sanchez acknowledges that co-defendant Justina Romero believes the damages for the loss of fourteen year old Kayla Alexis Martinez; far exceed any and all available insurance coverage in this matter. Fred Sanchez also acknowledges that Joseph Martinez, Reyes Rubio and Alexandria De La O were injured in this horrible accident and are entitled to reasonable damages.

Fred Sanchez contends that this interpleader action does not relieve the Plaintiff of its contractual, legal, and statutory obligations, duties and responsibilities to its insureds, including Roberta Dimas, Wayne Lovato and this Defendant, under the subject Personal Auto Policy (Policy #18 PH 168114).

Fred Sanchez further contends that Defendants Angel Gomez, as parent and next friend of Brianna Sanchez, a minor and Defendant Felicita Esquibel, as parent and next friend of Kayla Esquibel, a minor have waived all claims in this interpleader action by failing to timely appear or answer the Complaint for Interpleader, as shown in documents 25, 27, 28, 29 and 29.1.

## **DEFENDANT REYES RUBIO'S CONTENTIONS**

Defendant Reyes Rubio was a passenger in the vehicle driven by Wayne Lovato that was involved in a tragic high speed single car roll-over collision on April 6, 2013. At the time of the collision, Wayne Lovato was insured by Plaintiff via the policy held by his mother, Roberta Dimas.

As a result of the collision, Defendant Rubio has experienced personal injuries, pain and suffering, loss of enjoyment of activities, hedonic damages, or loss of the value of life itself, as well as reasonable expenses for necessary medical care received in the past and reasonably certain to be

received in the future, and nonmedical expenses required as a result of the injury and reasonably certain to be required in the future, all to his damage.

Following the collision, Defendant Rubio was airlifted to the hospital where he was treated for broken ribs, an orbital fracture, a concussion with brain bleed, and a broken jaw. Defendant Rubio also suffered mental distress due to the subject collision. Defendant Rubio states that in accordance with New Mexico law and the New Mexico Uniform Jury Instructions he is entitled to reasonable damages for his injuries as set forth above. Plaintiff states that these damages exceed the $200,000 sum that Plaintiff has placed into the Court Registry.

Defendant Rubio also states that Plaintiff's Interpleader does not relieve Plaintiff of its contractual, legal and statutory obligations, duties and responsibilities to its insureds, including Roberta Dimas, Wayne Lovato and Defendant Rubio, under the subject Personal Auto Policy referred to in Paragraph 26 of Plaintiff's Complaint for Interpleader.

Defendant Rubio contends that Defendant Angel Gomez, as parent and next friend of Brianna Sanchez, a minor, and Defendant Felicita Esquibel, as parent and next friend of Kayla Esquibel, a minor, waived all claims in this Interpleader by failing to timely appear or file answers to the Complaint for Interpleader.

**DEFENDANT MARY HELEN LUCERO'S CONTENTIONS**

On or about April 6, 2013, Wayne Lovato and his friends, picked up a number of underage girls, including Defendant Mary Helen Lucero's daughter, Alexandria de la O. Wayne Lovato was driving a 2001 Infinity while he was drunk. Defendant Mary Helen Lucero also contends that Reyes Rubio shares in the responsibility for the wreck based upon the fact that he purchased and unlawfully provided alcohol to the minors present at the wreck, including Wayne Lovato. Wayne Lovato lost control of the vehicle at a little after two o'clock in the morning, while Alexandria de la O and the

other named Defendants were passengers. Wayne Lovato wrecked the vehicle, causing it to roll over on southbound I-25. Wayne Lovato subsequently fled the scene.

The tragic crash resulted in the death of Alexandria's two young friends: Kayla Martinez and Aleandra Sanchez. In the immediate aftermath of the wreck. Alexandria awoke to discover the lifeless bodies of her friends. Although she escaped with her life, the wreck left Alexandria both physically and emotionally injured. Alexandria has, for the most part, recovered from the physical injuries that she suffered, but she continues to suffer mental and emotional anguish. Despite her injuries, when Alexandria regained consciousness after the wreck, she immediately attempted to find help. The physical and emotional scarring that Alexandria suffered will be with her for the rest of her life.

On behalf of her minor daughter, Alexandria, Defendant Mary Helen Lucero contends that she is entitled to recover damages in compensation for Alexandria's pain and suffering-both physical and emotional-as well as for her lost enjoyment of life, medical expenses, and punitive damages. Defendant Mary Helen Lucero acknowledges that the damages suffered jointly by the named Defendants in this interpleader action exceed all available insurance coverage.

### DEFENDANT JOSEPH MARTINEZ'S CONTENTIONS

Defendant Joseph Martinez was a passenger in a vehicle that rolled several times after being driven by a drunk driver. Joseph was involved in a violent crash that resulted in the tragic death of two young girls, which is emotionally painful. Joseph sustained physical injuries and experienced emotional trauma and distress. Joseph Martinez sustained a head injury, pain and suffering, and loss of enjoyment of life as a result of this crash.

Defendant Joseph Martinez contends that in accordance with New Mexico law and the New Mexico Uniform Jury Instructions, he is entitled to reasonable damages for his injuries, pain and

suffering, and loss of enjoyment of life in accordance with NM UJI CV #13-1806 NMRA and 13-1807.

Joseph was transported to Alta Vista Regional Hospital by ambulance following the crash. At the time of his transport, he complained of neck and back pain. Paramedics noted that he seemed confused and that his mental state was altered. Witnesses at the scene of the crash reported that Joseph tried to walk, but could not maintain his balance and was forced to sit on the ground to wait for help. In the emergency room, Joseph complained of pain in his upper back, low back, neck, and head. Joseph had bruising and abrasions to his right elbow, an abrasion to his upper back, and an abrasion to his head caused by a rock that was still lodged in his skin. CT scans of his head, neck, abdomen, and pelvis were ordered. The head CT showed a possible small subdural hematoma. Joseph has also suffered mental distress since the crash in which two young girls were killed. Joseph Martinez sustained physical and emotional injuries, pain and suffering, and loss of enjoyment of life. Joseph Martinez acknowledges that his damages and the damages of his Co-Defendants exceed all available insurance coverage.

Defendant Joseph Martinez also contends that this interpleader action does NOT relieve the Plaintiff of its contractual, legal and statutory obligations, duties and responsibilities to its insureds, including Roberta Dimas, Wayne Lovato and this Defendant, under the subject Personal Auto Policy (Policy No. 18 PH 168114) referred to in paragraph #26 of Plaintiff Hartford Insurance Company's Complaint for Interpleader, nor does this interpleader action relieve the Plaintiff of its contractual, legal and statutory obligations, duties and responsibilities to its insureds, including Roberta Dimas, Wayne Lovato and this Defendant, with regard to this Defendant's pending civil lawsuit entitled Joseph Martinez, et al., v Wayne Lovato and Roberta Dimas-Lovato, D-412-CV-2013-00226, filed in the Fourth Judicial District Court for the State of New Mexico on May 30, 2013.

Defendant Joseph Martinez contends that Defendant Angel Gomez, as parent and next friend of Brianna Sanchez, a minor, waived all claims in this interpleader by failing to timely appear or answer the Complaint for Interpleader, as too did Defendant Felicita Esquibel, as parent and next friend of Kayla Esquibel, a minor.  Please see document numbers 25, 27, 28, 29, and 29.1.

### PROVISIONAL DISCOVERY PLAN

The parties have cooperated in preparing this case for a settlement conference before a United States Magistrate Judge by exchanging salient information and identifying additional available insurance coverage.  The parties have agreed to forego formal discovery at this time unless and until such becomes necessary, that is, in the event a settlement conference does not result in a full resolution of the parties' claims against the fund.  The parties have agreed to jointly ask this Court to revisit the issue of discovery for the purpose of entering a Provisional Discovery Plan, if necessary.

### PRETRIAL MOTIONS

Plaintiff intends to file: None at this time.

Defendants intend to file: None at this time.

### ESTIMATED TRIAL TIME

The parties estimate trial will require  n/a  days.

✓    This is a non-jury case.

____ This is a jury case.

The parties request a pretrial conference in  n/a .

### SETTLEMENT

The possibility of settlement in this case is considered excellent.  The parties requested a settlement conference, which has been scheduled by the Court to be held June 18, 2014, beginning at 9:00 a.m., before U.S. Magistrate Judge Robert Hayes Scott.

**EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

        APPROVED WITH/WITHOUT EXCEPTIONS
        (note exceptions above)


    */s/ original signed by Courtenay L. Keller*
    Courtenay L. Keller
    For Plaintiff


    *approved via email 5/8/14*
    Robert C. Gutierrez
    For Defendant Justina Romero


    *approved via email 5/8/14*
    Vitalia Sena-Baca
    For Defendant Fred Sanchez


    *approved via email 5/8/14*
    Andy Ray / Christopher J. Supick
    For Defendant Reyes Rubio


    *approved via email 5/8/14*
    Anna C. Martinez
    For Defendant Mary Helen Lucero


    *approved via email 5/8/14*
    Thell Thomas
    For Defendant Joseph Martinez